# EXHIBIT A



**Wolters Kluwer**
Corporate Legal Services

**CT Corporation**
351 West Camden Street
Baltimore, MD 21201

410 539 2837 tel
410 332 1178 fax
www.ctcorporation.com

*LB-12377*

May 30, 2013

Thomas Alston
10012 Cedarhollow Lane,
Largo, MD 20774

Re: Thomas Alston, Pltf. vs. RJM Acquisitions LLC, et al. including Bureau of Collection Recovery, Dfts.

Case No. CAL1312377

Dear Sir/Madam:

We are herewith returning the enclosed documents which we received regarding the above captioned matter.

Our records indicate that we represent more than one entity beginning with the name: ( Bureau of Collection Recovery ). In order that we may properly process the enclosed documents(s). we must be provided with the full name of the entity for which it is intended.

Should you make this determination, please note the full name of the entity on the envelope, return the document(s) to us and we will be glad to forward it on.

Very truly yours,

The Corporation Trust Incorporated

Log# 522814576

Sent By Regular Mail

cc: Prince George's County - Circuit Court
14735 Main Street,
Upper Marlboro, MD 20772

(Returned To)

Thomas Alston
10012 Cedarhollow Lane,
Largo, MD 20774

Wolters Kluwer
Corporate Legal Services

| C T Corporation

351 West Camden Street
Baltimore, MD 21201

410 539 2837 tel
410 332 1178 fax
www.ctcorporation.com

LL1312377

May 13, 2013

Thomas Alston
10012 Cedarhollow Lane,
Largo, MD 20774

Re: Thomas Alston, Pltf. vs. Bureau of Collection Recovery, et al., Dfts.

Case No. CAL1312377

Dear Sir/Madam:

We are returning the enclosed documents pertaining to the above entitled action. You have indicated several corporate entities represented by The Corporation Trust Incorporated upon which you intend to make service.

Since you only forwarded one set of documents, we are unable to determine for which entity process is intended. Please note that it is not the responsibility of the registered agent to make copies of documents received in our office. We merely take and forward to the intended recipient, documents directed to the individual entities for which The Corporation Trust Incorporated furnishes the registered agent.

We request that you either forward a complete set of documents for each entity, or indicate which entity you are serving. The documents should be addressed to the exact name of the entity you wish to serve, c/o The Corporation Trust Incorporated at the address shown on this letter.

Very truly yours,

*Billie Swoboda*

The Corporation Trust Incorporated

Log# 522702700

Sent By Regular Mail

cc: Prince George's County - Circuit Court
    14735 Main Street,
    Upper Marlboro, MD 20772

 **Wolters Kluwer**
Corporate Legal Services

| CT Corporation

351 West Camden Street
Baltimore, MD 21201

410 539 2837 tel
410 332 1178 fax
www.ctcorporation.com

(Returned To)

Thomas Alston
10012 Cedarhollow Lane,
Largo, MD 20774

Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Writ of Summons                                    Case ID: CAL13-12377

State of Maryland, Prince George's County to wit:

To:    RJM Acquisitions LLC
       Sv: Corporation Trust Inc
       351 West Camden Street
       Baltimore, MD 212012201

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed
by:
THOMAS ALSTON
10012 CEDARHOLLOW LANE
LARGO MD 20774

Within 30 days after service of this summons upon you.

Witness the Honorable Sheila R. Tillerson Adams, Administrative Judge
of the said Court.

Date issued: May 3, 2013

_____
Clerk

To the person summoned:
1. Personal attendance in court on the day named is not required.
2. Failure to file a response within the time allowed may result in a judgment by default or the granting of the
   relief sought against you.
3. Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional
   appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that
   reveals the abdomen or lower back, spandex or mesh garments.

Sheriff's Return

Fee $_____                    Sheriff _____
Note:
1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and the particular place and manner of service. If
   service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126. If this summons is
   served by private process, the process server shall file a separate affidavit as required by Rule 2-126 (a).
4. Direct your responses and questions to Circuit Court for Prince George's County, Clerk of the Circuit Court, 14735 Main
   Street, Courthouse D1002, Upper Marlboro, MD 20772-9987. Legal advice cannot be obtained from this office.

Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

**Writ of Summons**                                    Case ID: CAL13-12377

State of Maryland, Prince George's County to wit:

To:   Plaza Recovery Inc
      Sv: Corporation Trust Inc
      351 West Camden Street
      Baltimore, MD 212012201

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed by:
THOMAS ALSTON
10012 CEDARHOLLOW LANE
LARGO MD 20774

Within 30 days after service of this summons upon you.

Witness the Honorable Sheila R. Tillerson Adams, Administrative Judge
of the said Court.

Date issued: May 3, 2013

_____
Clerk

To the person summoned:
   1.  Personal attendance in court on the day named is not required.
   2.  Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
   3.  Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Sheriff's Return

Fee $_____                         Sheriff _____
Note:
   1.  This summons is effective for service only if served within 60 days after the date it is issued.
   2.  Proof of service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
   3.  Return of served or unserved process shall be made promptly and in accordance with Rule 2-126. If this summons is served by private process, the process server shall file a separate affidavit as required by Rule 2-126 (a).
   4.  Direct your responses and questions to Circuit Court for Prince George's County, Clerk of the Circuit Court, 14735 Main Street, Courthouse D1002, Upper Marlboro, MD 20772-9987. Legal advice cannot be obtained from this office.

Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

**Writ of Summons**                          Case ID: CAL13-12377

State of Maryland, Prince George's County to wit:

To:   Jefferson Capital Systems LLC
      Sv: CSC Lawyers Incorp Serv Co
      7 St Paul St, Ste 1660
      Baltimore, MD 21202

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed by:
THOMAS ALSTON
10012 CEDARHOLLOW LANE
LARGO MD 20774

Within 30 days after service of this summons upon you.

Witness the Honorable Sheila R. Tillerson Adams, Administrative Judge
of the said Court.

Date issued: May 3, 2013

_____
                    Clerk

To the person summoned:
1. Personal attendance in court on the day named is not required.
2. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
3. Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Sheriff's Return

Fee $_____                          Sheriff _____
Note:
1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126. If this summons is served by private process, the process server shall file a separate affidavit as required by Rule 2-126 (a).
4. Direct your responses and questions to Circuit Court for Prince George's County, Clerk of the Circuit Court, 14735 Main Street, Courthouse D1002, Upper Marlboro, MD 20772-9987. Legal advice cannot be obtained from this office.

Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Writ of Summons                                    Case ID: CAL13-12377

State of Maryland, Prince George's County to wit:

To:   Bureau of Collection Recovery
      Sv: Corporation Trust Inc
      351 West Camden Street
      Baltimore, MD 212012201

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed by:
THOMAS ALSTON
10012 CEDARHOLLOW LANE
LARGO MD 20774

Within 30 days after service of this summons upon you.

Witness the Honorable Sheila R. Tillerson Adams, Administrative Judge
of the said Court.

Date issued: May 3, 2013

_____
Clerk

To the person summoned:
1. Personal attendance in court on the day named is not required.
2. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
3. Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Sheriff's Return

Fee $_____                  Sheriff _____
Note:
1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126. If this summons is served by private process, the process server shall file a separate affidavit as required by Rule 2-126 (a).
4. Direct your responses and questions to Circuit Court for Prince George's County, Clerk of the Circuit Court, 14735 Main Street, Courthouse D1002, Upper Marlboro, MD 20772-9987. Legal advice cannot be obtained from this office.

Circuit Court for **Prince George's**
City or County

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: ☑ PLAINTIFF ☐ DEFENDANT    CASE NUMBER _____
(Clerk to insert)

CASE NAME: **Thomas Alston** vs. **RJM Acquisitions, LLC**
Plaintiff                                   Defendant

JURY DEMAND? ☑ Yes ☐ No    Anticipated length of trial: _____ hours or _____ days
RELATED CASE PENDING? ☐ Yes ☑ No    If yes, Case #(s), if known: _____

Special Requirements? ☐ Interpreter (Please attach Form CC-DC 41)
☐ ADA accommodation (Please attach Form CC-DC 49)

| NATURE OF ACTION (CHECK ONE BOX) | | DAMAGES/RELIEF |
|---|---|---|

| TORTS | LABOR | A. TORTS |
|---|---|---|
| ☐ Motor Tort | ☐ Workers' Comp. | **Actual Damages** |
| ☐ Premises Liability | ☐ Wrongful Discharge | ☐ Under $7,500 |
| ☐ Assault & Battery | ☐ EEO | ☐ $7,500 - $50,000 |
| ☐ Product Liability | ☐ Other | ☑ $50,000 - $100,000 |
| ☐ Professional Malpractice | **CONTRACTS** | ☐ Over $100,000 |
| ☐ Wrongful Death | ☐ Insurance | ☐ Medical Bills $ |
| ☐ Business & Commercial | ☐ Confessed Judgment | ☐ Property Damages $ |
| ☐ Libel & Slander | ☐ Other | ☐ Wage Loss |
| ☐ False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS** |
| ☐ Nuisance | ☐ Judicial Sale | |
| ☐ Toxic Torts | ☐ Condemnation | ☐ Under $10,000 |
| ☐ Fraud | ☐ Landlord Tenant | ☐ $10,000 - $20,000 |
| ☐ Malicious Prosecution | ☐ Other | ☐ Over $20,000 |
| ☐ Lead Paint | **OTHER** | **C. NONMONETARY** |
| ☐ Asbestos | ☐ Civil Rights | ☐ Declaratory Judgment |
| ☐ Other | ☐ Environmental | ☐ Injunction |
| _____ | ☐ ADA | ☐ Other |
| | ☐ Other | |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation ☐ Yes ☐ No        C. Settlement Conference ☐ Yes ☐ No
B. Arbitration ☐ Yes ☐ No        D. Neutral Evaluation ☐ Yes ☐ No

**TRACK REQUEST**

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*
**THIS CASE WILL THEN BE TRACKED ACCORDINGLY.**

☐ 1/2 day of trial or less        ☐ 3 days of trial time
☐ 1 day of trial time             ☐ More than 3 days of trial time
☐ 2 days of trial time

PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY.

Date **May 1, 2013**        Signature **Thomas Alston**

CC/DCM 002 (Rev. 2/2010)        Page 1 of 3

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐
**Expedited**
Trial within 7 months
of Filing

☐
**Standard**
Trial within 18 months
of Filing

☐ EMERGENCY RELIEF REQUESTED _____

|  |  |
|---|---|
| Signature | Date |

## COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing          ☐ Standard - Trial within 18 months of Filing

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.**

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited          Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short          Trial 210 days.

☐ Standard          Trial 360 days.

☐ Lead Paint          Fill in: Birth Date of youngest plaintiff _____ .

☐ Asbestos          Events and deadlines set by individual judge.

☐ Protracted Cases          Complex cases designated by the Administrative Judge.

### CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☐ Liability is seriously in dispute.

CC/DCM 002 (Rev. 2/2010)          Page 2 of 3

| CIRCUIT COURT FOR BALTIMORE COUNTY | |
| --- | --- |
| ☐ Expedited<br>(Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard<br>(Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard<br>(Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, export and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex<br>(Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

CC/DCM 002 (Rev. 2/2010)          Page 3 of 3

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

**THOMAS ALSTON**
10012 Cedarhollow Lane
Largo, MD 20774

     Plaintiff,

v.

**RJM ACQUISITIONS LLC**
Serve: The Corporation Trust Incorporated
     351 West Camden Street
     Baltimore, MD 21201

     Defendant,

**PLAZA RECOVERY, INC**
Serve: The Corporation Trust Incorporated
     351 West Camden Street
     Baltimore, MD 21201

     Defendant,

**JEFFERSON CAPITAL SYSTEMS, LLC**
Serve: CSC-Lawyers Incorporating Service
     7 St. Paul Street, Suite 1660
     Baltimore, MD 21202

     Defendant,

**BUREAU OF COLLECTION RECOVERY**
Serve: The Corporation Trust Incorporated
     351 West Camden Street
     Baltimore, MD 21201

     Defendant.

CIVIL ACTION NO. *CAL 13 – 12377*
**JURY TRIAL DEMANDED**

PR GEO CO MD #73
2013 MAY -1 PM 12:18
Clerk of the
Circuit Court

Case# CAL13-12377
NEW CASE/PRO SE
CV CLERK FEE-          80.00
MD LEGAL SERV         55.00
TOTAL                135.00
Rcvd PC01   Rcpt # 55328
MMB     MAR     Blk # 25
May 01, 2013          11:33 am

### COMPLAINT

COMES NOW the Plaintiff, Thomas Alston, (hereafter the "Plaintiff") and for his

complaint against the Defendants RJM Acquisitions LLC. ("RJM"), Plaza Recovery, Inc.



PAGE 12/21 * RCVD AT 6/12/2013 4:28:18 PM [Eastern Daylight Time] * SVR:RICRIGHTFAX/4 * DNIS:4499 * CSID:3019522770 * DURATION (mm-ss):06-03

("Plaza"), Jeffereson Capital Systems, Llc ("Jefferson") and Bureau of Collection Recovery LLC ("BCR) alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), the Maryland Consumer Debt Collection Act, Md. Code §14-201 *et seq.* (MCDCA), and the common law tort of defamation.

## PARTIES

2.      The plaintiff is a natural person and resides in Largo, Maryland. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

3.      Defendant RJM is a New York corporation that is licensed as a debt collection agency in the state of Maryland.

4.      RJM is a "person" within the meaning of the FCRA, 15 U.S.C. §1681a(b) and a "furnisher" within the meaning of §1681s-2(a) & (b).

5.      Defendant Plaza is a Delaware corporation and is a "person" within the meaning of the FCRA, 15 U.S.C. §1681a(b).

6.      Defendant Plaza, a "debt collector," advertises on its website that it is in the "debt recovery business" and is "the best tertiary debt recovery firm in the nation."

7.      Defendant Jefferson is a Minnesota company that is licensed in Maryland as a debt collection agency and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

2

8.    Defendant BCR is a Minnesota company that is licensed in Maryland as a debt collection agency and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## FACTS

9.    On July 17, 2011 Mr. Alston obtained his credit report from Experian and discovered that RJM pulled his credit report on October 4, 2010 and February 24, 2011. RJM did not own an account of Mr. Alston when RJM obtained his credit reports.

10.    Mr. Alston further discovered that RJM was reporting to Experian two collection accounts. One collection account stemmed from Bank of America and the other collection account from Wachovia. The alleged past due balances with Bank of America and Wachovia were for personal purposes and meet the definition of a "debt" under 15 U.S.C. §1692a(5).

11.    Also on July 17, 2011 Mr. Alston obtained his credit report from Transunion and discovered that RJM was again reporting a collection account. This collection account was associated with Bank of America.

12.    Mr. Alston disputed the two collection accounts with Experian and the one collection account with Transunion on multiple occasions within two years of this action. Upon information and belief both Transunion and Experian forwarded those disputes to RJM.

13.    By letter dated August 8, 2011 Mr. Alston offered to pay the alleged debts on the condition that RJM provide documentation that it acquired the debt. Mr. Alston concluded by requesting that RJM cease reporting the debt to the credit reporting agencies if it could not provide any documentation that it owned the alleged debts.

3

14.     In September 2011 RJM was still reporting the collection accounts to both Experian and Transunion. And Mr. Alston also learned in September 2011 that RJM had obtained his credit report a third time on July 19, 2011.

15.     In October 2011 RJM stopped reporting the Wachovia collection account to Experian but was still reporting the Bank of America collection account to Experian and Transunion.

16.     In January 2012 RJM stopped reporting the Bank of America collection account to Experian but was still reporting it to Transunion.

17.     In May 2012 RJM stopped reporting the Bank of America collection account to Transunion.

18.     Prior to May 2012 the credit reporting agencies furnished Mr. Alston credit report to several third parties. Upon information and belief the inaccurate RJM account was reported to those third parties.

19.     On February 23, 2012, while RJM was still attempting to collect on the debt, Defendant Jefferson sent Mr. Alston a letter that claimed Jefferson was the owner of the Bank of America account.

20.     Jefferson's correspondence dated February 23, 2012 misrepresented that it had acquired ownership of a debt to which Mr. Alston was the obligor.   Jefferson further misrepresented that Mr. Alston owed Jefferson an amount of $342.44.

21.     In correspondence dated June 15, 2012 Defendant Plaza claimed it was authorized to settle the "debt" for $205.46. This correspondence from Plaza falsely indicated that Jefferson was the assignee of the Bank of America account. Plaza further directed Mr. Alston to make payment directly to Plaza.

4

22.    Although Jefferson, the purported creditor for whom Plaza claims it was authorized to settle the account, did not claim to have obtained the Bank of America account until February 23, 2012; Plaza pulled Mr. Alston's Transunion credit report in January 2011.

23.    In a letter dated July 5, 2012 Mr. Alston requested documentation from Jefferson that substantiated Jefferson's and Plaza's claims that Jefferson owned the Bank of America account.

24.    Both Jefferson and Plaza ceased their collection efforts after Jefferson received the July 5, 2012 letter. Neither Jefferson nor Plaza provided the requested documentation.

25.    In January of 2013 Mr. Alston received a letter from Defendant BCR. This letter indicated that BCR was collecting on behalf of Jefferson and that BCR was authorized to accept $171.22 to settle the debt.

26.    On January 31, 2013 at 12:19pm Mike Kennedy from BCR telephoned Mr. Alston. During the telephone conversation Mr. Kennedy falsely stated that BCR[1] was collecting on behalf of Bank of America and that Bank of America would sue Mr. Alston if he did not settle the debt.

27.    Mr. Alston received another phone call from a BCR representative on February 1, 2013 at 1:44pm. The BCR representative pressed and harassed Mr. Alston to make payment. The BCR representative falsely represented that the debt was being reported or would be reported to Mr. Alston's credit report. The representative further stated that Mr. Alston would never be able to get a checking account with any bank if he did not settle the debt.

---

[1] BCR was ordered to pay a civil penalty of $150,000 to the Minnesota Department of Commerce, which charged BCR with 1) directing employees to change the dates of scheduled payments; 2) changing the dates of deposit for postdated payments; 3) failing to establish adequate screening procedures when hiring collector applicants; 4) failing to properly screen numerous debt collector registrations before submitting license renewal requests to the Commissioner; 5) employing collectors with felony criminal backgrounds; and 6) failing to notify the Commissioner of employee terminations for using profanity, third party disclosure violations, and harassing debtors. See http://www.bbb.org/minnesota/business-reviews/collection-agencies/bureau-of-collection-recovery-in-eden-prairie-mn-15001718

5

28.     A representative from BCR named Mr. Sebastian phoned Mr. Alston at 1:00pm on February 15, 2013. During the telephone conversation Mr. Sebastian deceptively claimed BCR was collecting on behalf of Bank of America. When Mr. Alston requested proof that BCR was legitimately collecting on a valid debt, Mr. Sebastian claimed that BCR's proof was evidenced by its knowledge of Mr. Alston's social security number, date of birth and the letters that it sent to him.

29.     Again on March 4, 2013 Mr. Alston received another phone call from BCR claiming that it was collecting a debt for Bank of America.

30.     Shortly thereafter Mr. Alston received correspondence dated March 3, 2013 from Jefferson. In this communication Jefferson stated that it had assigned the account to BCR and that BCR may have settlement options or payment arrangements available.

## COUNT ONE: VIOLATIONS OF FCRA

31.     Plaintiff realleges and incorporates paragraphs 1 through 30 above as if fully set out herein.

32.     Defendant RJM violated 15 U.S.C. §1681b(f) on three occasions by obtaining Plaintiff's consumer report without a permissible purpose as defined by U.S.C. §1681b(a).

33.     Defendant Plaza violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by U.S.C. §1681b(a).

34.     Defendant RJM both negligently and intentionally violated the Fair Credit Reporting Act at 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of the account.

35.     RJM violated 15 U.S.C. §1681s-2(b)(1)(D) & (E), by willfully or negligently failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file.

6

36.    As a result of conduct, actions and inactions of RJM, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

37.    RJM's conduct, actions and inactions were willful, rendering RJM liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Plaza was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

38.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from RJM in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF MCDCA

39.    Plaintiff realleges and incorporates paragraphs 1 through 38 above as if fully set out herein.

40.    Plaintiff's use of Bank of America and Wachovia banking services constitute a "consumer transaction" within the meaning of the MCDCA, §14-201(c). Defendant RJM attempted to the collect on the debt arising out of those services and is a "collector" within the meaning of MCDCA, §14-201(b).

41.    Defendant RJM violated MCDCA, §14-202(3) by disclosing derogatory information to Experian and Transunion that negatively affected Mr. Alston's credit worthiness.

42.    At the time RJM disclosed the derogatory information to the credit bureaus it knew it Mr. Alston did not owe a debt to it.

43.    Defendant RJM eventually ceased reporting the account to the credit bureaus after receiving Mr. Alston's August 8, 2012 correspondence because it knew the reporting was false.

7

Upon information and belief RJM was reporting the account as a collection tactic to force Mr. Alston into paying the false debt.

44. As a result of the conduct, actions and inactions of Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, embarrassment, frustration, upset, anger, humiliation and severe emotional and mental distress.

45. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the jury pursuant to MCDCA, §14-203.

## COUNT THREE: DEFAMATION

46. Plaintiff realleges and incorporates paragraphs 1 through 45 above as if fully set out herein.

47. RJM intentionally and maliciously instructed the credit bureaus to report publicly that Plaintiff had a collection account.

48. RJM's statements to the credit bureaus that Plaintiff had a collection account were falsely published without a privilege.

49. As a result of Defendant's publication, Plaintiff's credit score was reduced, credit applications were denied, and credit opportunities were lost. Plaintiff has also suffered substantial, actual damages including but not limited to: out-pocket expenses, frustration, upset, humiliation and embarrassment, emotional and mental pain and suffering.

50. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for compensatory damages.

8

## COUNT FOUR: VIOLATIONS OF FDCPA
### (as to Jefferson and BCR)

51.     Plaintiff realleges and incorporates paragraphs 1 through 50 above as if fully set

out herein.

52.     Defendants violated 15 U.S.C. §1692 in one or more of the following ways,

without limitation by:

a.    Falsely representing Defendant Jefferson purchased Plaintiff's account in

violation of §1692e;

b.    Falsely representing Plaintiff had a debt with Jefferson in the amount of

$342.44 in violation of §1692e;

c.    Harassing and abusing the Plaintiff with condescending remarks and acts,

threats, intimidation and other pressuring tactics in violation of §1692d;

d.    Deceptively claiming that it was representing Bank of America in

violation of §1692e;

e.    Misrepresenting that Bank of America intended, let alone could sue

Plaintiff in respect to alleged debt, which was outside the statute of

limitations, a violation of §1692e;

f.    Falsely claiming that possession of Plaintiff's personal information was

proof that Plaintiff was indebted to Defendants in violation of §1692e; and

g.    Misrepresenting that the account was being reported to a credit reporting

agency or that the account would be reported to a credit reporting agency

in violation of §1692e.

53.     As a result of the conduct and actions of the Defendants, the Plaintiff suffered

actual damages including without limitation, by example only and as described herein by

9

Plaintiff, out-of-pocket expenses, frustration, upset, anger, humiliation and severe emotional and mental distress.

54. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the court pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

WHEREFORE, your Plaintiff demands judgment for actual and punitive damages against all Defendants.; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

                           **THOMAS ALSTON**

                    By _____

                        Thomas Alston
                        10012 Cedarhollow Lane
                        Largo, MD 20774
                        (240) 432-0927

                        *Pro Se Plaintiff*